**Gloria MONTOYA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76417.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007 *.

Filed April 20, 2007.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., Jennifer L. Lightbody, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., S. Terry Schubert, Esq., U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Gloria Montoya, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the ruling of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We lack jurisdiction to review the unexhausted asylum claim. *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir.2004). We have jurisdiction over the remaining claims under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's determination that petitioner had not met her burden of proving it was more likely than not that she would be subject to persecution on account of a statutorily protected ground. *See Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc) (explaining standard of review when BIA adopts and affirms IJ's decision); *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (explaining eligibility for withholding of removal).

Substantial evidence also supports the denial of CAT relief because petitioner did not establish that it is more likely than not that she would be tortured if returned to Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

